IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL WARTENA and MICHAEL TIFFANY STEWART, | § § § § § | |
| Plaintiffs | § § | |
| VS. | § § § | CIVIL ACTION NO. |
| SERGEANT THOMAS CALLAHAN, LIEUTENANT SCOTT CHAPPELL and SERGEANT CHRIS SHEFFIELD, | § § § § § | |
| Defendants | § | JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, Michael Wartena and Michael Tiffany Stewart, individually, hereinafter collectively referred to as Plaintiffs, and claim that Sergeant Thomas Callahan, Lieutenant Scott Chappell, and Sergeant Chris Sheffield, hereinafter collectively referred to as Defendants, violated their civil rights and caused physical and mental injuries and damages under United States Constitution.

### I.
### JURISDICTION AND VENUE

1. Plaintiffs bring this action under the U.S. Constitution and 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §§1331, 1343(a)(3)-(4).

2. Venue is proper in this court under 28 U.S.C. §1391(b)(1)-(2) as the location in which all or part of the cause of action arose is located in the Northern District of Texas and all Defendants are residents of Texas.

## II.
## PARTIES

3.    At all relevant times, the Defendants acted as agents, servants, and employees of their city government under color of law. As such, they were responsible for upholding the laws of the United States and the State of Texas. All Defendants are resident citizens of Amarillo, Potter County, Texas.

4.    Defendant, Sergeant Thomas Callahan can be served at the Amarillo Police Department at 200 SE 3rd Avenue, Amarillo, TX 79101.

5.    Defendant, Lieutenant Scott Chappell can be served at the Amarillo Police Department at 200 SE 3rd Avenue, Amarillo, TX 79101.

6.    Defendant, Sergeant Chris Sheffield can be served at the Amarillo Police Department at 200 SE 3rd Avenue, Amarillo, TX 79101.

## III.
## STATEMENT OF FACTS

7.    This case arises out of the wrongful custodial, illegal and prolonged detention and property seizures of Michael Wartena and Michael Tiffany Stewart in violation of 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution.

8.    On July 18, 2016, Plaintiffs were traveling by car back to their home in Beaumont, California, returning from family vacation with their five children. Having driven all day, they decided to stop in Amarillo, TX for the evening and checked into the La Kiva Hotel at 2501 I-40, Amarillo, TX 79104. All of the door locks in the hotel room were broken.

9.      Plaintiffs' oldest child, Alexis, had severe Autism. On July 19, 2016, the day following Plaintiffs' check-in to the La Kiva Hotel, while Alexis' mom, Michael Tiffany Stewart, was in the bathroom of the hotel room and Alexis' Dad, Michael Wartena, was resting, half asleep on the bed, Alexis left the room without her parents' knowledge. "Bolting" and "eloping" are the terms used to describe this common phenomenon with autistic children for running away and hiding. Plaintiffs' have been subjected to this frightening and unpredictable behavior by Alexis on numerous past occasions. On this occasion, they had attempted to prevent this from happening by calling hotel maintenance to fix their locks or move them to a different room, but were unsuccessful. As an alternative, they barricaded the hotel room door with their luggage.

10.     Only minutes elapsed before Plaintiffs noticed that Alexis had left the room, at which point they ran frantically to the front desk and asked that the clerk call 911. Plaintiffs then frantically searched the inside of the hotel and its front exterior because it was located near a very busy highway, I-40.

11.     Unbeknownst to Plaintiffs, next to the Hotel was T-Anchor lake. Had they known of the lake, they would have searched there first, as they knew that autistic children, including Alexis were attracted to water.

12.     Immediately after Defendants arrived at the scene the evening of July 19, 2016, they began accusing Michael Wartena and Michael Tiffany Stewart of murdering their daughter, Alexis. Defendants told Plaintiffs that they needed to question them instead of looking for Alexis, immediately separating Plaintiffs for questioning. Plaintiffs were each taken into separate rooms at the hotel and forcibly detained for six (6) hours against their will as they begged to be allowed to search for their missing daughter. Rather than searching for Alexis or allowing Plaintiffs to

search for her, Defendants wasted valuable time interrogating Plaintiffs, taking photos of their hands and persons for evidence, and accusing them of lies and murder.

13.     Further contributing to Plaintiffs' distress while they were illegally detained and Alexis was missing, Defendants then called Child Protective Services (CPS) and ordered that Plaintiffs' remaining four (4) children be taken away and interrogated. CPS took the children, filed for and obtained custody of them, despite knowing that Michael Wartena and Michael Tiffany Stewart had called family to travel to Amarillo and care for the children. Defendants, lying to Plaintiffs, told them that one child told a therapist that Plaintiffs took Alexis outside the hotel room and returned without her. That particular child is also severely autistic and non-verbal. Defendants used this lie to continue to detain, interrogate and intimidate Plaintiffs, telling them their stories didn't match and alleging foul play.

14.     After ordering CPS to take Plaintiffs' children from them, Defendants recited *Miranda* warnings to Plaintiffs and separately transported them to the Amarillo Police Department for five and a half (5.5) hours of further interrogation which lasted until early morning hours of July 20, 2016. During Plaintiff Michael Wartena's separate interrogation at the police department, Michael Wartena invoked his right to counsel. Simultaneously, in a separate interrogation room, Defendants intimidated Plaintiff Michael Tiffany Stewart to submit to a forty-five (45) minute polygraph test by telling her she would otherwise be charged for the murder of her daughter Alexis. Michael Tiffany Stewart agreed to the polygraph test as she had nothing to hide since she was innocent and only sought to find her daughter. Minutes later, Defendants told Michael Tiffany Stewart that she failed the polygraph test, at which point she invoked her right to counsel. Once Plaintiffs each invoked their respective rights to counsel, Defendants took Plaintiffs back to the La Kiva Hotel and seized all of their belongings.

15.    Defendants obtained no warrant and had no probable cause to arrest Plaintiffs, but nonetheless detained them by seizing all of their personal belongings including clothing, toiletries, cell phones – everything they owned, as well as the sheets, pillows and blankets from the hotel room. Defendants did the same with Plaintiffs' vehicle and their belongings in it.

16.    Later that morning on July 20, 2016, after hours of wasted time detaining and interrogating Plaintiffs in violation of their constitutional rights, Alexis' lifeless body was found floating in T-Anchor lake less than one hundred (100) yards from Plaintiffs' hotel room. Alexis had crawled through an opening in the fence that surrounded the lake to access the water. While Alexis struggled to survive and Plaintiffs pleaded to search for her, explaining Alexis suffered from severe autism, Defendants treated them as murderous criminals and refused to allow them to search for their child. Not only did Plaintiffs have to grapple with the stress of their illegal detention, trying to get back their illegally seized belongings, and obtaining custody of their four children, they now had to cope with the reality of Alexis' unnecessary and preventable death and begin to plan her funeral.

17.    The wrongful and illegal actions of the named Defendants, as described above, clearly establishes grave constitutional violations of Plaintiffs' rights and the harm they suffered therefrom.

## IV.
## PLAINTIFFS' CAUSES OF ACTION

### 42 U.S.C. § 1983

18.    All allegations contained in paragraphs 7 through 17 above are hereby incorporated into this count of Plaintiffs' complaint.

19. Plaintiffs' rights were violated in contravention of the Fourth Amendment of the United States Constitution and clearly established laws as set forth in case law including *Lincoln v. Barnes*, 855 F.3d 297 (5th Cir. 2017). Michael Wartena and Michael Tiffany Stewart: a) committed no crime; b) were not legitimately suspected of committing any crime; c) posed no threat of danger or harm to officers or their children; d) provided no cause or reason to be detained and interrogated or searched; e) provided no cause or reason to have their vehicle, personal belongings, and their children seized from them. Plaintiffs assert claims for wrongful detention and arrest, as well as illegal search and seizure of their property, persons and children.

20. Defendants violated Michael Wartena and Michael Tiffany Stewart's rights to be free from unreasonable seizure of their person when they were taken into custody without a warrant or probable cause and aggressively intimidated.

21. Defendants' unjustifiable actions resulted in severe physical and emotional harm to Plaintiffs when they posed no threat whatsoever and merely sought police help to search for their missing autistic child. Plaintiffs' constitutional rights to be free from unreasonable search and seizure were clearly established prior to the events that form the basis of this lawsuit. Furthermore, these rights would have been sufficiently clear to a person in Defendants' circumstances and that Defendants' conduct violated Plaintiffs' civil rights.

22. Defendants' conduct was objectively unreasonable in that Defendants knew or should have known that there was no basis to suspect that Plaintiffs had committed any crime or were about to commit any crime. Defendants knew that Plaintiffs were in distress because their daughter Alexis was missing and her life was in danger. Rather than help search for Alexis, Defendants chose to illegally detain and interrogate Plaintiffs against their will for hours, violating their Fourth Amendment rights.

23.     Defendants violated Plaintiffs Fourth Amendment rights when they separated Plaintiffs and detained them without a warrant, probable cause or justifiable reason to do so. This conduct constituted a de facto arrest of Michael Wartena and Michael Tiffany Stewart. A reasonable person in Plaintiffs' circumstances would have believed themselves to be under arrest, just as Plaintiffs did. Defendants' actions were objectively unreasonable, and Defendants were aware that Plaintiffs were not legitimately suspected of committing any crime, that Defendants had no warrant or probable cause to detain, interrogate and search Plaintiffs, and that Defendants were doing so for many hours against Plaintiffs' will and in violation of their Fourth Amendment rights.

24.     Furthermore, Defendants were aware that Plaintiffs were in extreme distress because their daughter Alexis was missing and her life in danger, and that Michael Tiffany Stewart's family was traveling to Amarillo to assist with caring for the other children and the search for Alexis. They also confirmed Alexis was severely autistic by speaking by telephone to her doctor. Despite this knowledge, Defendants acted to ensure Plaintiffs continued to be interrogated against their will, that Plaintiffs' children be detained and interrogated by therapists, and that CPS filed for and obtained custody of the children against the Plaintiffs' wishes and the children's best interest.

25.     Defendants' actions traumatized Plaintiffs, causing them grave and severe emotional harm. Knowing Plaintiffs were suffering from great distress because of their missing daughter, Defendants exacerbated this distress by illegally detaining them and preventing them from searching for Alexis, searching and seizing their belongings, defaming and accusing them of murdering their missing daughter, and interrogating Plaintiffs' other children, placing them in the custody of the State rather than known family members. Plaintiffs were under extreme anxiety and Defendants contributed to this through intimidation and by violating their Fourth Amendment rights.

26.    Plaintiffs suffered and continue to suffer serious emotional trauma as a result of Defendants' illegal actions. Plaintiffs trauma from the events giving rise to this suit is so significant, it has manifested itself physically in the form of sleeplessness, nightmares, anxiety, depression, and loss of appetite.

27.    Detaining and interrogating Plaintiffs separately and preventing them from leaving to search for Alexis was a prolonged illegal detention and constituted wrongful arrests. A reasonable person in Plaintiffs' position would understand the situation to be a restraint on freedom of the kind typically associated with an arrest. The conduct of Defendants was objectively unreasonable in light of the clearly established law at the time, which prohibits prolonged illegal detention and arresting someone without a warrant or probable cause. *See, Lincoln v. Barnes*, 855 F.3d 297 (5th Cir. 2017).

28.    The Defendants' conduct in illegally detaining and interrogating Plaintiffs was in clear violation of the City of Amarillo's own policies, procedures, practices and customs which disallow officers from taking persons into custody without probable cause to believe such persons committed any crime and posed no threat to safety, also in violation of Plaintiffs' constitutional rights to be free from unreasonable search and seizure. Defendants breached their duties to act in accordance with established law and local policy and procedure of the Amarillo Police Department.

29.    Accordingly, Defendants are liable to Plaintiffs for actual damages and compensatory damages, together with a statutory attorney's fee as authorized by 42 U.S.C. § 1988.

30.   The Defendant officers acted knowingly or recklessly. Their actions were done in conscious disregard for the safety and well-being of Plaintiffs, their four children and deceased daughter, Alexis Wartena, and the officers are therefore liable for punitive damages.

## V.
## DEMAND FOR JURY

31.   Plaintiffs request a trial by jury.

## VI.
## CONCLUSION AND PRAYER

THEREFORE, Plaintiffs Michael Wartena and Michael Tiffany Stewart pray for judgment against all Defendants for actual and compensatory damages, statutory attorneys' fees, costs, and expenses. They pray for punitive damages against the individual Defendants. Finally, they seek all other additional relief as the Court deems just and proper.

Respectfully submitted,

Jesse L. Quackenbush
Texas Bar No.: 16421975
jesseqlf@gmail.com
Quackenbush Law Firm
801 S. Fillmore, Ste. 460
Amarillo, TX 79101
(T):806-374-4024; (F):806-352-0073
ATTORNEY FOR PLAINTIFFS